LP Gas Containers — Sales — Permits A merchant selling LP Gas bottles or containers and LP fixtures installed in a camper must purchase a Class VIII and IX permit under 52 O.S. 420.4 [52-420.4] (1968). The Attorney General is in receipt of your letter dated May 31, 1968, wherein you state that a local businessman is selling campers equipped with a LP bottle and LP fixtures. You further advise that the campers are completely assembled and manufactured outside the state and that the bottles have been inspected and tagged before he receives them. You then in effect ask if the merchant is required to purchase a Class VIII and IX permit under the LP Gas Act. 52 O.S. 420.4 [52-420.4] (1967) provides in relevant part: "(a) No person, firm or corporation shall manufacture, fabricate, assemble or install in this State any systems, containers, apparatus, or appliances used or to be used in this State in or for the transportation, storage, dispensing, or utilization of LPG, nor shall any transporter, distributor, or retailer of LPG store, dispense and/or transport over the highways of this State any LPG intended for use in this State in any such system, container, apparatus or appliance, without having first applied for and obtained a registration permit to do so; provided, no such permit shall be required by an individual engaged in any of said activities solely as an employee of a duly qualified registrant, or by any person, firm or corporation engaged in the production or manufacture of LPG, and/or selling or reselling W to transporters industrial consumers, processors, distributors and/or retailers, or by any person, firm or corporation selling or delivering motor vehicles or tractors which are factory equipped with an LP-gas system, container, apparatus or appliance for the utilization therein of LPG as motor fuel. The foregoing is subject to the further exception that it shall not prevent an individual from installing in his own single unit residence any such system, container, apparatus, or appliance using or for the utilization of LPG, provided, that no use shall be made of the items so installed before such individual shall have secured the inspection of such installation by the Administrator or someone designated or appointed by him or by a person duly licensed to make such an installation. . . . . . . "(c) For the purpose of defraying the cost and expenses of administering and enforcing this act, persons, firms and corporations required to be registered under this act shall, at the time of issuance of each such permit, pay to the Administrator whichever of the following fees are applicable to the permit or permits issued: ". . . . "(8) Class VIII-Appliances Dealer Permit. Permits the holder to sell LP-gas appliances. Fee Five Dollars ($5.00). "(9) Class IX-LP-Gas Container Sales Permit. Permits the holder to remanufacture and/or sell LP-gas containers. This permit is required by both wholesaler and retailer. Fee Twenty-five Dollars ($25.00)." The aforementioned provisions expressly exclude certain persons and activities from the registration requirements, although none of which apply to the situation you presented. To the contrary, Section 52 O.S. 420.4 [52-420.4] (c) 8 and 9, supra, is applicable to such situation. Pertinent here is that language of 82 CJ.S. Statutes, Section 346, p. 705, which states: "In other words, a statute should be so construed that no word, clause, sentence, provision, or part shall be rendered surplusage, or superfluous, meaningless, void, insignificant, or nugatory, if that result can be avoided, or unless it is not possible to give effect to every word without doing violence to the plain meaning of a word, or unless the exigencies of the situation, as presented from a consideration of the statute as a whole, imperatively demand that some word, phrase, or sentence be discarded, disregarded, rendered useless, or deprived of meaning." . . . . ". . . The parts should, as far as possible, be harmonized with one another and with the general intent of the lawmaking body." Section 52 O.S. 420.4 [52-420.4](c) 9, supra, is particularly relevant in light of the section it repealed. Specifically, 52 O.S. 420.4 [52-420.4](c)(4) (1961), provided as follows: "(4) For those, other than registrants under subparagraphs (1) and (2) hereof, engaged in the business of manufacturing, assembling, and selling cisterns, containers or apparatus for the storage, dispensing or utilization of liquefied petroleum gas, an annual fee of Twenty-five Dollars ($25.00)." (Emphasis added) The current legislation separates manufacturing and selling LP gas containers with the words "and/or" and further requires the wholesaler and retailer to obtain a permit. The Liquefied Petroleum Gas Act is for the protection of the public from the dangers which are inherent in liquefied petroleum gas if it is not properly handled. This is the reason 52 O.S. 420.4 [52-420.4](e)(1) (1967) was enacted which prohibits an applicant from obtaining a permit until he demonstrates that he has a working knowledge of the necessary safety requirements. Certainly, the public interest, health, and safety dictate that a merchant selling LP gas containers, systems or appliances should be knowledgeable in such phases of his business. The legislative intent, as expressed in the LP Gas Act, is to protect the health and safety of the public. Section 52 O.S. 420.4 [52-420.4](c)(8) and 52 O.S. 420.4 [52-420.4](c)(9), supra, can readily be harmonized with the general intent of the Legislature. Reading the various pro visions of the Act together, and keeping in mind that the entire act is a safety measure, it follows that your question must be answered in the affirmative. Therefore, it is the opinion of the Attorney General that a merchant selling LP Gas bottles or containers and LP fixtures installed in a camper must purchase a Class VIII and IX permit under Section 420.4, supra. (Don Timberlake)